United States District Court
Southern District of Texas
**ENTERED**
August 08, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOHN WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-26-4122 |
| | § | |
| BASF CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

John Willis worked as a sandblaster at BASF Corporation's chemical facility near Freeport Texas. (Docket Entry No. 9-1 ¶ 8). Willis alleges that he worked "under the direction of general contractor/maintenance provider" Zachry Holdings, Inc. (*Id.*). Willis alleges that he was "supervised by both Zachry and BASF employees." (*Id.*). Willis alleges that, while working on BASF's property, he was instructed to sandblast an area that required him to work from a 14-foot-tall ladder. (*Id.*). He alleges that while he was on the ladder, a "Zachry supervisor directed [him] to tie off to [an] overhead structure," (*id.*), and that a "BASF supervisor observed the work in progress." (*Id.*). The sandblaster hose, which had been left untied, struck him while he was on the ladder, causing severe injuries. (*See id.*).

Willis sued Zachry and BASF for negligence and gross negligence in Texas state court. Willis is a Texas citizen, and Zachry's principal place of business is in Texas. BASF removed based on diversity jurisdiction, arguing that Willis improperly joined Zachry to defeat diversity jurisdiction. (Docket Entry No. 1 at 2). BASF argues that Zachry had no involvement in the accident, based on the incident report, Willis's witness statement, and other witness statements, "none of which identify any Zachry conduct, Zachry-controlled equipment, or Zachry-controlled

premises connected to [Willis's] alleged injury." (Docket Entry No. 13 at 1). Willis has not pointed to specific allegations or affidavit evidence that support his claim against Zachry.

A defendant generally may remove a case from state court to federal district court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). If original jurisdiction is based on diversity under 28 U.S.C. § 1332(a), the removing defendant must allege that the amount in controversy exceeds $75,000 and that no plaintiff is a citizen of the same state as the defendant. "[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

The "improper joinder doctrine" is an exception to this rule. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). The doctrine follows from the principle that district courts may not exercise jurisdiction over a party that "has been improperly or collusively joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). If the removing defendant shows that the party whose citizenship destroys complete diversity was improperly joined, the federal court must generally disregard that party's citizenship in determining federal diversity jurisdiction. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

The removing party bears a "heavy burden" in proving improper joinder. *Smallwood*, 385 F.3d at 576. A removing defendant may show improper joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003) (quoting *Smallwood*, 385 F.3d at 573). The court must determine whether there is "*any reasonable basis* for predicting that the plaintiff might be able to establish the non-diverse

defendant's liability on the pleaded claims in state court." *Id.* at 647 (alterations adopted) (emphasis in original) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)); *cf. Polelle v. Fla. Sec'y of State*, 131 F.4th 1201, 1211–12 (11th Cir. 2025) (explaining, in the standing and federal-question contexts, that a failure on the merits becomes a jurisdictional defect only if the plaintiff cannot "meet the 'low bar' of pointing to some arguable or colorable federal or constitutional" claim).

The court usually looks at the complaint allegations to determine whether the plaintiff states a cognizable claim under state law, using a Rule 12(b)(6)-like analysis. *Smallwood*, 385 F.3d at 573. But in some cases, such as when the plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, the court may pierce the pleadings and conduct a summary inquiry, *id.* at 573–74, in which "all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party," *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). The burden is on the removing party to "put forward evidence that would negate the possibility of liability." *Allen v. Chevron U.S.A., Inc.*, No. CV H-25-4831, 2026 WL 357659, at *2 (S.D. Tex. Feb. 9, 2026) (citing *Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 516 (5th Cir. 2021)); *Robles v. United Airlines*, No. 26-4072, ECF No. 15 at 1–3 (S.D. Tex. July 21, 2026).

BASF has met its heavy burden of showing improper joinder. It has pointed to specific record evidence, including the incident report and witness statements, which show no involvement by Zachry in the accident that injured Willis. Zachry submitted its own affidavit confirming that its employees were not involved in the accident. (Docket Entry No. 6-1). The record shows that

Zachry is a "parent holding company and does not conduct any operations or own any property in the State of Texas." (Docket Entry No. 6-1 at 2).

Discovery may later reveal Zachry (or a related entity's) involvement. But on this record, BASF has established improper joinder. Zachry is dismissed from the case. Zachry's motion to dismiss, (Docket Entry No. 6), is denied as moot. The motion to remand is denied. (Docket Entry No. 10).

SIGNED on August 7, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge